ANGÉLICA VELILLA, demandante y recurrente, *v.* PUEBLO SUPERMARKETS, INC., EAGLE STAR INSURANCE COMPANY LTD. OF LONDON, demandados y recurridos.

*Número:* R-81-120    *Resuelto:* 20 de octubre de 1981

Carlos T. González Contreras de *Dubón, González & Vázquez,* abogado de la recurrente; *Eugenio Luis Santori* de *Jiménez & Santori,* abogado de la recurrida Pueblo Supermarkets, Inc.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

La recurrente demandó a Pueblo Supermarkets, Inc. ("Pueblo") el 3 de octubre de 1979 por daños alegadamente sufridos el 25 de marzo de 1978. Pueblo solicitó la desestimación de la causa por razón de que la demanda estaba supuestamente prescrita. La recurrente se opuso a la moción, acreditando gestiones extrajudiciales hechas a Pueblo y a International Claims Investigators, Inc., una compañía ajustadora independiente. El último reclamo hecho a Pueblo no impedía de por sí la prescripción de la demanda, pero los efectuados a International Claims, de ser válidos, interrumpían la prescripción. El tribunal de instancia dictaminó que la causa de acción está prescrita. Al efecto señaló que el Art. 9.050(2) del Código de Seguros, 26 L.P.R.A. sec. 905(2), define a un ajustador independiente como el "ajustador" que representa los intereses del asegurador. Dictamos orden de mostrar causa por la cual no debe expedirse el auto y devolver el caso para ulteriores procedimientos.

Es cierto, en términos generales, que una recla-

mación extrajudicial solo puede ser dirigida al obligado, al sujeto pasivo del derecho concernido. Las reclamaciones recibidas por tercero no gozan de capacidad interruptiva. L. Diez Picazo, *La Prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, pág. 131. En este caso ocurre, no obstante, un hecho particular. Según declaración jurada de la recurrente presentada como parte de su oposición a que se desestimase la demanda, ella se comunicó inicialmente con Pueblo y fue referida a la International Claims. De correspondencia que consta en autos, Pueblo sabía que la recurrente estaba tratando de llegar a un acuerdo con International Claims, pero no es hasta transcurrido un año después de la reclamación a Pueblo e instada ya la demanda que Pueblo revela que International Claims no la estaba representando.

■ El Art. 7°.1 del nuevo Título Preliminar del Código Civil Español expresa que "Los derechos deberán ejercitarse conforme a las exigencias de la buena fe". Se ha apuntado que este artículo "reafirma un verdadero principio general del derecho, sobre cuya presencia y relevancia estaban de acuerdo doctrina y jurisprudencia, que lo habían obtenido, entre otros preceptos, fundamentalmente del artículo 1.258 del Código civil". *Comentarios a las Reformas del Código Civil*, Madrid, Ed. Tecnos, 1977, pág. 366. El Art. 1210 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3375, incorpora las disposiciones del Art. 1258 del Código Civil español. Igual paralelismo se advierte en las decenas de otros artículos en que ambos códigos aluden al concepto de la buena fe. Según señala Espín Cánovas, "Desde Roma se viene exigiendo, a través de las más diversas instituciones, un contenido ético en el obrar humano en el campo jurídico. . .". D. Espín Cánovas, *Manual de Derecho Civil Español*, Madrid, Ed. Rev. de Derecho Privado, 1979, Vol. 1, pág. 518. Dictaminamos que el requisito de la buena fe es también exigencia general de nuestro derecho y que como tal se extiende a la

totalidad de nuestro ordenamiento jurídico. El contenido de eticidad de cada acto deberá examinarse a la luz de sus circunstancias particulares, pero el comportamiento conforme a la buena fe es precepto general que abarca toda actividad jurídica.

Diversas doctrinas arrancan claramente de este concepto general, tales como la de los actos propios, la del abuso del derecho y la del fraude a la ley. Todas se inspiran en el loable propósito de inyectarle contenido ético al orden jurídico. Véase la Exposición de Motivos al decreto que sanciona el referido Art. 7.1. *Comentarios,* supra, pág. 360.

En el caso presente, tanto la doctrina de los propios actos como la del abuso del derecho, así como el principio general de *bona fides,* impiden que la compañía recurrida invoque con éxito la defensa de prescripción. El proceder de Pueblo indujo a todas luces a la recurrente a dirigirse a International Claims en la creencia de que ésta representaba a aquélla. Tal proceder, no repudiable ahora por Pueblo, monta a una renuncia de la defensa de prescripción en la situación presente. *Lausell Marxuach* v. *Díaz de Yáñez,* 103 D.P.R. 533, 537–538 (1975). Permitir la defensa de prescripción en las circunstancias señaladas violaría, además, la doctrina del abuso del derecho, según explicada en *Soriano Tavárez* v. *Rivera Anaya,* 108 D.P.R. 663 (1979). Es ilegítimo el ejercicio de un derecho cuando el titular excede manifiestamente los límites impuestos por la buena fe o por el fin social o económico de ese derecho. En casos como el que nos ocupa, el principio de la buena fe no da lugar a la utilización del derecho a la defensa de prescripción cuando el derecho surge de omisiones de la otra parte causadas, parcial pero significativamente, por la propia conducta de la actora. El fin social de la prescripción de que nos habla la doctrina del abuso del derecho tampoco se cumple en este caso. La prescripción extintiva castiga la indolencia de una parte poniendo fin al

pleito. Aquí no hubo pereza de la recurrente. Lo que hubo fue destreza de la recurrida y silencio habilidoso que dio margen al transcurso sigiloso del tiempo.

*Se expedirá el auto, se revocará la resolución y se devolverá el caso a instancia para procedimientos ulteriores consistentes con esta opinión.*

El Juez Asociado Señor Dávila se inhibe.