Braco Oliveras, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso se solicita la revocación de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el día 28 de agosto de 1996, habiéndose archivado en autos copia de su notificación el 16 de septiembre de 1996. Mediante dicha sentencia se desestimó una demanda de daños y perjuicios por el fundamento de prescripción.
Por entender que el tribunal a quo no erró al así decidir, confirmamos la sentencia.
I
La Sra. Marisol Falcón Rodríguez y Miguel González Barros, los apelantes, instaron el 27 de enero de 1995 una demanda de daños y perjuicios en contra del Sindicato de Aseguradores para la Subscripción Conjunta de Seguros de Responsabilidad Profesional Médico-Hospitalaria (SIMED) sobre impericia médica imputada al Dr. Carlos Alvarez, uno de los asegurados de SIMED. En resumen, se alega en dicha demanda: que la Sra. Falcón fue sometida a un procedimiento de laparoscopía el 4 de septiembre de 1990; y que el 18 de septiembre de 1990 la Sra. Falcón acudió a una cita de seguimiento en la cual le informaron que aún estaba presente la condición de endometriosis que supuestamente iba a ser corregida por la operación de 4 de septiembre de 1990.
Los apelantes, a través de la Leda. María del Carmen Gómez Cardona," enviaron al Dr. Alvarez, al Dr. José A. Bermúdez y al Hospital San Pablo, Inc., una carta de 17 de septiembre de 1991 con acuse de recibo reclamándoles extrajudicialmente compensación por los daños sufridos debido a la referida operación. Posteriormente, los apelantes enviaron una carta con fecha de 24 de agosto de 1992 dirigida a las mismas personas con el mismo propósito de la carta anterior.
Mediante carta de 5 de mayo de 1993, en contestación a las cartas remitidas por los apelantes, SIMED solicitó de los apelantes información adicional y los documentos relacionados con la reclamación.
La Leda. Gómez Cardona remitió a SIMED una carta de 25 de mayo de 1993 informando que ya no representaba a la Sra. Falcón y que le dirigiera a ésta cualquier otra comunicación.
*845 SIMED dirigió a la Sra. Falcón una carta de 23 de septiembre de 1993 solicitándole evidencia para tramitar la reclamación. SIMED luego envió a la Sra. Falcón una carta de 18 de enero de 1994 en la que informa no haber recibido la información solicitada y que vencido el término de 30 días sin recibir la información, procederían a cerrar el expediente por entender que la Sra. Falcón no tendría interés en proseguir con la reclamación. En dicha carta, SIMED le comunicó a la Sra. Falcón que si necesitaba un término mayor a los 30 días que lo notificara.
A través de una carta de 20 de mayo de 1994 la Sra. Falcón, esta vez representada por el Lie. Vicente Santori Coll, expresó que estaba en disposición de aceptar la suma de $250,000 para transigir la reclamación.
SIMED remitió al Lie. Santori Coll una carta de 3 de junio de 1994 en la cual le indica que la reclamación está prescrita. Instada la acción el 27 de enero de 1995, SIMED presentó una solicitud de sentencia sumaria a base de prescripción con fecha de 19 de julio de 1995. Luego del trámite pertinente y de la celebración de una vista, el tribunal a quo dictó sentencia el 28 de agosto de 1996 desestimando la demanda por prescripción.
Inconformes, los apelantes instaron el presente recurso de apelación imputándole error al tribunal a quo al no aplicar contra SIMED las doctrinas de no ir contra sus propios actos y buena fe, al no determinar que el término prescriptivo se mantuvo interrumpido entre el 12 de agosto de 1992 y el 20 de mayo de 1994.
n
La prescripción es una institución de derecho sustantivo que se rige por las disposiciones del Código Civil y constituye una forma de extinción de un determinado derecho por la inercia de la relación jurídica durante un período de tiempo determinado. García Aponte v. E.L.A., Op. de 8 de febrero de 1994, 94 J.T.S. 14.
El Art. 1868 del Código Civil, 31 L.P.R.A. see. 5298, dispone que la moción para exigir la responsabilidad civil por las obligaciones derivadas de la culpa o negligencia a base del Art. 1802 del Código Civil, 31 L.P.R.A. see. 5141, prescribe por el transcurso de un año, desde que lo supo el agraviado.
El Art. 1873 del Código Civil, 31 L.P.R.A. see. 5303, establece tres formas de interrupción de la prescripción de las acciones: (1) el ejercicio de la acción ante el tribunal, (2) la reclamación extrajudicial por el acreedor y (3) cualquier acto de reconocimiento de deuda por el deudor.
La reclamación extrajudicial hecha por medio de carta interrumpe la prescripción de la acción si la misma llega a su destino. Hawayek v. A.F.F., 123 D.P.R. 526, 530 (1989). La interrupción de la prescripción produce como resultado que el término prescriptivo comience de nuevo a contarse por entero. Id. Para que tenga efecto interruptivo se requiere que el reclamante haga una manifestación inequívoca de no perder el derecho. García Aponte v. E.L.A., supra. En cuanto a la forma de la reclamación, la ley no exige ninguna forma especial. Zambrana v. E.L.A., Op. de 30 de enero de 1993, 92 J.T.S. 12.
Como hemos expresado anteriormente, otra forma de interrumpir la prescripción es el acto de reconocimiento de deuda por el deudor. No constituye reconocimiento de deuda por el deudor las conversaciones y gestiones que las partes lleven a cabo sobre una posible transacción. Díaz de Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471, 480 (1980). Informes periódicos de. un ajustador de seguros a la asegurada manteniéndola informada del progreso de la investigación y del progreso de las conversaciones de transacción no equivalen a un reconocimiento de responsabilidad. Id.
Aplicando el derecho antes citado a los hechos del presente caso, encontramos que entre la carta de 24 de agosto de 1992, última carta en que los apelantes hacen una reclamación extrajudicial dentro del término de prescripción de un año, y la carta de 20 de mayo de 1994, fecha de la carta en que los apelantes por medio del Lie. Santori Coll hacen una reclamación extrajudicial, transcurrió un período de más de un año. SIMED remitió a la Sra. Falcón varias cartas con fechas de 5 de mayo de 1993,23 de septiembre de 1993 y 18 de enero de 1994; esta última advierte que cerrará el expediente por falta de interés de la Sra. Falcón si no responde a la misma.
Sostienen los apelantes que las actuaciones de SIMED después de vencido el término prescriptivo tienen el efecto de mantener interrumpido el término prescriptivo y que concluir lo contrario sería una violación de la *846 buena fe y de la doctrina que impide a una parte ir contra sus propios actos.
Las actuaciones de SIMED de enviar las referidas cartas le dan a los apelantes la oportunidad de suplir la información y los documentos necesarios para que se tramite la reclamación. No se da en este caso la conducta engañosa de un asegurado que refiere a un reclamante a una entidad que no le representaba, lo que impidió al asegurado invocar la prescripción. Véase Velilla v. Pueblo Supermarkets. Inc., 111 D.P.R. 585 (1981). La conducta de SIMED de enviar dichas cartas no constituye tampoco un reconocimiento de responsabilidad, el cual requiere una manifestación clara e inequívoca de aceptar dicha responsabilidad.
La prescripción es la limitación que el legislador le ha impuesto a la desidia de un acreedor. A los hechos del presente caso no es aplicable la doctrina de la bonafides ni la de los actos propios. Aunque supusiéramos que la respuesta inicial brindada por SIMED el 5 de mayo de 1993 podía inducir a la demandante a creer que ya no era necesario volver a interrumpir la prescripción mediante gestión extrajudicial —al menos mientras durara el trámite de evaluación y ajuste de su reclamación ante SIMED— la posterior inacción de la reclamante por un año y doce días es indicativa del abandono de los derechos que protege la institución de la prescripción.
SIMED incluso fue más lejos pues le envió dos requerimientos de información y le ofreció incluso una prórroga no solicitada de treinta días para cumplir con el requerimiento del 18 de enero de 1994, cuando no había decursado aún el plazo de un año contado a partir del 5 de mayo de 1993 que fue la fecha en que SIMED le requirió por primera vez documentos e información a la reclamante. No estamos ante el caso de una compañía de seguros que pide documentos y después que se le suplen amplía el requerimiento para incluir otros adicionales en fecha cercana a la de expiración de la prescripción causando con ello que al someterlos ya haya expirado el plazo prescriptivo. La realidad, es que, en el caso de autos, la reclamante ni siquiera cumplió con someter los documentos que de buena fe presumiblemente solicitó SIMED.
ni
Por las razones antes expresadas, se confirma la sentencia.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General