*1025 TEXTO COMPLETO DE LA SENTENCIA
Los esposos Luis Tossas Colón y Maritza Ortiz Reyes nos solicitan la revocación de la sentencia emitida el 28 de agosto de 2000, por el Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante la cual desestimó la demanda de autos instada por éstos por razón de no haber emplazado a todas las partes demandadas dentro del término de seis meses que establece para tales efectos la Regla 4.3 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4.3.
Por los fundamentos que pasamos a exponer, se modifica la sentencia apelada y así modificada se confirma.
I
El 16 de julio de 1999, los esposos Tossas Ortiz instaron una demanda contra todos los demandados apelados reclamando una indemnización por los daños y perjuicios resultantes de un accidente automovilístico. A su vez, el 9 de agosto de 1999, el Tribunal de Primera Instancia expidió los emplazamientos en el caso de autos. 
Así las cosas, el 3 de febrero de 2000, los esposos Tossas Ortiz, en vista de que, según su contención, el término para diligenciar los emplazamientos estaba próximo a vencer, solicitaron una prórroga para emplazar a todos los codemandados alegando que estaban realizando gestiones extrajudiciales con éstos dirigidas a llegar a una posible transacción en el caso. Sin embargo, precisa señalar en este momento que todas las gestiones extrajudiciales alegadamente realizadas por los esposos Tossas Ortiz estuvieron dirigidas únicamente a la parte codemandada Universal Insurance Company.
Ahora bien, continuando con el trámite procesal del caso, todos los codemandados fueron emplazados entre el 4 y el 9 de febrero de 2000.
Por su parte, algunas de las partes codemandadas presentaron varias mociones solicitando la desestimación de la demanda de autos, por razón de que, a tenor con lo resuelto por el Tribunal Supremo en el caso de Monell v. Mun. de Carolina, 146 D.P.R. _ (1998), 98 J.T.S. 94, todos los codemandados habían sido emplazados, sin justificación alguna, fuera del término de seis meses que dispone la Regla 4.3(b) de Procedimiento Civil, supra, para tales efectos. Específicamente, sostuvieron que el referido término comenzó a decursar el 16 de julio de 1999, fecha en que los esposos Tossas Ortiz presentaron la demanda del epígrafe, y que para la fecha en que todos fueron emplazados, el mismo ya había vencido.
A su.vez, los esposos Tossas Ortiz presentaron una oposición a las anteriores solicitudes de desestimación. En primer lugar, éstos alegaron que todos los emplazamientos fueron diligenciados dentro del término de seis meses en cuestión debido a que, según su contención, dicho término comenzó a decursar en la fecha en que el foro apelado expidió los emplazamientos y no en la fecha de presentación de la demanda por ser inaplicable al caso de autos lo resuelto en Monell v. Mun. de Carolina, supra.
Por otro lado, los esposos demandantes-apelantes sostienen que las distintas gestiones extrajudiciales que llevaron a cabo con la codemandada Universal Insurance Company, dirigidas a transigir el presente caso, constituyen causa justificada para que el tribunal, en ejercicio de su discreción, concediera una extensión del término para emplazar a todos los codemandados, pues, según su contención, éstos no fueron emplazados con el propósito de poder resolver el caso extrajudicialmente. Lo anterior, máxime cuando los propios oficiales de la Universal Insurance Company solicitaron que no se emplazara a dicha aseguradora para poder viabilizar así una posible transacción porque, de lo contrario, de ser emplazada, el caso pasaba ante la consideración de la división legal de la Universal, perdiendo los mencionados oficiales el poder decisional para transar la reclamación que nos ocupa.
Dos de las partes codemandadas, la Corporación de Servicios Integrales de Salud de la Montaña (CSISM) y *1026 la Universal Insurance Company, presentaron escritos respondiendo a la anterior oposición presentada por los esposos Tossas Ortiz. Ambas partes sostienen nuevamente que los esposos demandantes emplazaron a los codemandados vencido ya el término de seis meses dispuesto en la Regla 4.3(b) de Procedimiento Civil, supra. Además, ambas añaden que habida cuenta de que la solicitud de prórroga para emplazar fue presentada también pasado el referido término, el Tribunal de Primera Instancia carecía de jurisdicción para conceder la misma Por último, argumentan que las gestiones extrajudiciales acontecidas entre los esposos Tossas Ortiz y la Universal Insurance Company no constituyen causa justificada alguna para emplazar tardíamente ni para relevar a los mencionados esposos de tener que cumplir con el deber de emplazar oportunamente a las partes demandadas según requerido por las Reglas de Procedimiento Civil, supra.
De otra parte, el 5 de abril de 2000, el tribunal apelado notificó una resolución emitida el 3 de marzo del mismo año declarando no ha lugar la moción presentada por los esposos Tossas Ortiz solicitando una prórroga para emplazar. Contra tal dictamen, los esposos Tossas Ortiz presentaron oportunamente una moción de reconsideración levantando los mismos argumentos contenidos en su moción en oposición a las solicitudes de desestimación presentadas en su contra por varios de los codemandados.
El foro apelado concedió a la parte demandada un término para expresarse en tomo a la anterior solicitud de reconsideración. Asimismo, la CSISM y la Universal Insurance Company presentaron sendas mociones reafirmando los argumentos que anteriormente habían planteado en sus mociones en respuesta a la oposición a la solicitudes de desestimación.
Por su parte, el 28 de agosto de 2000, el Tribunal de Primera Instancia emitió la sentencia apelada desestimando la demanda instada por los esposos Tossas Ortiz. Determinó el tribunal apelado que, a tenor con el caso de Monell v. Mun. de Carolina, supra, el término de seis meses para diligenciar los emplazamientos dispuesto en la Regla 4.3 de Procedimiento Civil, supra, comenzó a decursar en la fecha de presentación de la demanda; es decir, el 16 de julio de 1999, y que, por ende, los esposos Tossas Ortiz diligenciaron tardíamente los emplazamientos en el caso de autos. A su vez, también determinó que carecía de jurisdicción para conceder la prórroga para emplazar solicitada, habida cuenta de que los esposos demandantes solicitaron la misma fuera del referido término de seis meses.
Por último, el foro apelado concluyó que los esposos Tossas Ortiz no justificaron las razones por las cuales no emplazaron oportunamente a los codemandados. Por razón de ello, añadió que a pesar de que la Universal Insurance Company reconoció haber sostenido conversaciones extrajudiciales con los esposos Tossas Ortiz, tal hecho no relevó a estos últimos de tener que cumplir con los términos para emplazar dispuestos en las Reglas de Procedimiento Civil, supra.
Inconforme con lo anterior, los esposos Tossas Ortiz presentaron el recurso de apelación que nos ocupa alegando que erró el foro apelado: (1) al desestimar la demanda, a pesar de que no habían transcurrido seis meses desde la expedición de los emplazamientos y de que, en las circunstancias del presente caso, no debió aplicarse la doctrina establecida en el caso de Monell v. Mun. de Carolina, supra', (2) al resolver que los demandantes debieron solicitar la prórroga para emplazar antes del vencimiento del término de los seis meses; (3) al dictar la sentencia apelada sin antes haber resuelto la moción de reconsideración presentada por éstos contra la resolución del tribunal que denegó conceder la prórroga para emplazar, a pesar de que dicho foro había considerado la referida solicitud; (4) al dictar la sentencia apelada privando a los demandantes de su día en corte, infringiendo el principio de que los pleitos deben verse en los méritos y, por ende, violéntando el debido proceso de ley; (5) al resolver que los esposos demandantes actuaron con dejadez cuando en realidad actuaron diligentemente, y (6) al no aplicar a las actuaciones de la codemandada-apelada, Universal Insurance Company, las doctrinas de la buena fe, los actos propios y el abuso del derecho.
II
En primer lugar, precisa señalar que, contrario a la contención de los esposos Tossas Ortiz, las Reglas 4.1 y *1027 4.3(b) de Procedimiento Civil, supra, al interpretarse conjuntamente, según determinó el Tribunal Supremo en Monell v. Mun. de Carolina, supra, establecen un término de seis (6) meses, contado a partir de la fecha de presentación de la demanda, para que una parte demandante diligencie un emplazamiento contra una parte demandada. Adviértase que cuando la Regla 4.3(b) de Procedimiento Civil, supra, establece que el emplazamiento será diligenciado dentro de los seis meses de expedido, equipara la fecha de expedición con la de presentación de la demanda. Id.
Por tanto, en el caso de autos, el término de seis meses que tenían los esposos Tossas Ortiz para emplazar a todas las partes demandadas apeladas comenzó a decursar el 16 de julio de 1999, fecha en que éstos presentaron la demanda del epígrafe y no el 9 de agosto del mismo año, fecha en que la Secretaría del Tribunal de Primera Instancia expidió los mismos. A tenor con lo anterior, dicho termino venció a mediados del mes de enero de 2000.
No obstante, los esposos Tossas Ortiz no emplazaron a las partes demandadas dentro del referido término. Recuérdese que, según previamente hemos expuesto, todas las partes demandadas fueron emplazadas en el mes de febrero de 2000.
De otra parte, el término de seis meses en cuestión dispuesto por la Regla 4.3(b) de Procedimiento Civil, supra, para diligenciar los emplazamientos, es de cumplimiento estricto, habida cuenta de que los tribunales gozan de discreción para prorrogar el mismo, siempre que la parte que lo solicita demuestre justa causa para ello y no se cometa abuso de discreción por parte de dicho foro. López v. Porrata Doria, 140 D.P.R., _ (1996), 96 J.T.S. 22.
Esto es, a pesar de que los Tribunales de Primera Instancia tienen discreción, bajo la Regla 68.2 de Procedimiento Civil, supra, R. 68.2, para prorrogar el término de seis meses para diligenciar un emplazamiento, aún después de vencido el referido término, Banco Metropolitano v. Berrios, 110 D.P.R. 721 (1984), tal discreción no se ejercita en un vacío. Monell v. Mun. de Carolina, supra. Por tanto, una parte demandante que solicite una prórroga para diligenciar un emplazamiento viene obligado a justificar, con referencia a hechos y circunstancias meritorias, la razón o motivo por las cuales no pudo diligenciar el emplazamiento dentro del término dispuesto por la Regla 4.3(b) de Procedimiento Civil, supra. Id; Lugo v. Municipio de Bayamón, 111 D.P.R. 679 (1981).
En el caso de autos, el 3 de febrero de 2000; es decir, posterior al vencimiento del término en cuestión, los esposos Tossas Ortiz solicitaron al tribunal apelado una prórroga para diligenciar los emplazamientos. Sin embargo, como justificación para que el foro recurrido prorrogara el mencionado término de cumplimiento estricto y permitiera, de esta manera, el diligenciamiento del emplazamiento contra todas las partes demandadas fuera de vencido el mismo, los esposos Tossas Ortiz alegaron, como previamente hemos expuesto, que no habían emplazado a todas las partes demandadas por razón de las gestiones extrajudiciales llevadas a cabo tan sólo con una de las codemandadas apeladas -Universal Insurance Company- dirigidas a transigir la reclamación de autos.
De entrada, precisa señalar que tal alegación, de ser considerada como una causa justificada para conceder la prórroga solicitada, sólo es oponible contra la parte codemandada que participó en las alegadas gestiones extrajudiciales; es decir, Universal Insurance Company. Dichas gestiones extrajudiciales no son extensivas a las otras partes codemandadas. Esto es, los esposos Tossas Ortiz no tuvieron conversaciones ni gestiones extrajudiciales con los restantes codemandados apelados. Dichas partes codemandadas no tuvieron conocimiento alguno de las mencionadas gestiones, ni participaron en las mismas. Por consiguiente, los referidos esposos no alegaron ni demostraron causa justificada alguna por la cual no emplazaron, dentro del término establecido para tales efectos, a los demás codemandados apelados. Por razón de esto, no incidió el tribunal apelado al desestimar la demanda contra los mismos.
*1028 Ahora bien, examinada la justificación ofrecida por los esposos Tossas Ortiz, determinamos que la misma no demuestra, por sí sola, causa justificada alguna para no haber cumplido con el..término de cumplimiento estricto en cuestión. El hecho de que los esposos Tossas Ortiz y la Universal Insurance Company se encontraran en conversaciones extrajudiciales dirigidas a transar la demanda de autos, no es razón para incumplir, en ausencia de una orden del tribunal al efecto, con los trámites procesales establecidos en las Reglas de Procedimiento Civil, supra, una vez comenzado el pleito. Esto es, el hecho que las partes estuvieran en trámites extrajudiciales, no eximio, por si solo, a los esposos Tossas Ortiz de tener que cumplir con el procedimiento judicial que éstos habían iniciado, emplazando oportunamente a las partes en el pleito, inclusive a la Universal Insurance. Nótese que no puede quedar al arbitrio de las partes con cuáles Reglas de Procedimiento Civil, supra, éstas van a cumplir, inclusive cuando una parte demandante deba emplazar a la parte demandada. Monell v. Mun. de Carolina, supra.
No obstante, lo anterior no dispone del presente recurso.
Los esposos Tossas Ortiz alegan que los oficiales de la Universal Insurance Company le solicitaron que no los emplazaran para que la reclamación hecha contra dicha aseguradora en el caso de autos no pasara a manos de la división legal de dicha compañía, ya que entonces ellos no podrían transigir el caso con los mencionados esposos sin llegar a los tribunales.
En virtud de lo anterior, los esposos Tossas Ortiz argumentan que la Universal está impedida, por la doctrina de actos propios, de solicitar la desestimación de la reclamación instada en su contra por razón de no haber sido emplazada dentro del termino de seis meses. A su vez, que aplicando por analogía la doctrina establecida en Velilla v. Pueblo Supermarket, Inc., 111 D.P.R. 585 (1981), la falta de buena fe de la Universal, demostrada en los anteriores hechos, impide a esta solicitar la desestimación de la reclamación presentada en su contra por las razones ya expuestas.
Por su parte, la Universal Insurance alega que en momento alguno solicitó a los esposos Tossas Ortiz que no se le emplazara. Por el contrario, sostiene que el representante legal de los demandantes fue quien le comunicó que no los emplazaría por el momento para seguir en negociaciones. Argumentan, además, que no existe razón alguna para que los esposos Tossas Ortiz no cumplieran con las Reglas de Procedimiento Civil, supra.
Resulta evidente que existe una controversia relacionada con cuál de las partes fue la que propuso posponer el diligenciamiento del emplazamiento. El Tribunal de Primera Instancia, previa la celebración de una vista evidenciaría a tales efectos, tiene que dilucidar tal controversia. Luego, el foro apelado tiene que determinar si existe causa justificada para prorrogar el término de seis meses dentro del cual los esposos Tossas Ortiz debían emplazar a la Universal Insurance y si la doctrina establecida en Velilla v. Pueblo Supermarket, Inc., supra, y la doctrina de los actos propios aplican al caso de autos e impiden, a su vez, a la referida aseguradora solicitar la desestimación de la reclamación instada en su contra por los esposos Tossas Ortiz por no haber sido emplazada dentro del término de seis meses.
Precisa aclarar que el procedimiento pautado anteriormente no es extensivo a las demás partes codemandadas. Por consiguiente, no incidió el foro apelado al desestimar la demanda instada en este caso contra todos los codemandados, exceptuando a la Universal Insurance. Monell v. Mun. de Carolina, supra; Lopez v. Porrata Doria, supra; Lugo v. Municipio de Bayamón, supra.
Ill
Ahora bien, en cuanto al error levantado por los esposos Tossas Ortiz relacionado con que el tribunal apelado dictó la sentencia apelada sin haber resuelto, luego de haber sido acogida, su moción solicitando la ! reconsideración del dictamen emitido por dicho tribunal denegando la prórroga solicitada para emplazar a las partes codemandadas fuera del término de seis meses dispuesto para ello, no les asiste la razón.
*1029 Adviértase que, en la propia sentencia apelada, el tribunal a quo reafirma su determinación inicial denegando la prórroga solicitada. Si bien es cierto que el referido tribunal denegó la misma al determinar equivocadamente, entre otras cosas, que los esposos Tossas Ortiz debieron solicitar la prorroga antes del vencimiento del término de seis meses en cuestión, recuérdese que la revision judicial se da contra la sentencia y no contra sus fundamentos, Pueblo v. González Vega, 147 D.P.R. _ (1999), 99 J.T.S. 27; Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. _ (1997), 97 J.T.S. 76, como previamente ya hemos hecho.
ÍV
Por los fundamentos antes expuestos, se modifica la sentencia a los únicos efectos de ordenar la celebración de una vista evidenciaría ante el Tribunal de Primera Instancia para dilucidar la controversia relacionada con cuál de las partes, si la Universal Insurance o los esposos Tossas Ortiz, propuso posponer el diligenciamiento del emplazamiento a la referida aseguradora mientras ambas partes llevaban a cabo negociaciones dirigidas a transigir la presente reclamación. A su vez, el foro apelado deberá determinar si, a tenor con los hechos que encuentre probados en la mencionada vista, existe causa justificada para prorrogar el término de seis meses dentro del cual los esposos Tossas Ortiz debían emplazar a la Universal Insurance y si la doctrina de los actos propios y la doctrina expuesta en el caso de Velilla, supra, son de aplicación al caso de autos y, por ende, si la Universal Insurance está impedida de solicitar la desestimación de la reclamación instada en su contra. La sentencia así modificada, se confirma.
Así lo acordó y manda el Tribunal y lo certifica la señora Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001DTA 81
1. Precisa señalar que los esposos Tossas Ortiz en momento alguno han alegado que sometieron los emplazamientos ante la Secretaría del Tribunal de Primera Instancia conjuntamente con la presentación la demanda de autos. Sólo se limitan a explicar en su recurso de apelación que solicitaron dichos emplazamientos prontamente. Véase pág. 21 del recurso de apelación presentado por los esposos Tossas Ortiz.
2. De tal solicitud surge claramente que los esposos Tossas Ortiz y su representante legal computan el término de seis meses para diligenciar los emplazamientos dispuesto en la Regla 4.3 de Procedimiento Civil, supra, a partir del 9 de agosto de 1999, fecha en que el foro apelado expidió los mismos. Por tanto, éstos parten de la premisa de que dicho término vencía el 9 de febrero de 2000.
3. La Universal Insurance Company aceptó que sostuvo gestiones y conversaciones extrajudiciales con los esposos Tossas Ortiz.
4. En momento alguno, los esposos Tossas Ortiz han alegado que sometieron los emplazamientos ante la Secretaría del Tribunal de Primera Instancia a la vez que presentaron la demanda de autos. Sólo se limitan a alegar en su recurso de apelación que solicitaron dichos emplazamientos prontamente. Véase pág. 21 del recurso de apelación presentado por los esposos Tossas Ortiz. Adviértase que no puede quedar al arbitrio de una parte o su abogado la fecha en que se tramitarán o procurarán los emplazamientos y, por ende, cuándo serán expedidos. Monell v. Mun. de Carolina, supra.