*838 TEXTO COMPLETO DE LA RESOLUCIÓN
El instrumento más poderoso reservado a los Tribunales para hacer justicia es la discreción. Considerada a cabalidad la causa que atendemos, no detectamos que el hermano foro de Instancia haya incurrido en un abuso de discreción al dictaminar como lo hizo, y por ello declinamos expedir el auto solicitado. Explicamos.
I
Virus, Inc. y varios otros (Virus o Peticionarios) oportunamente acuden el 22 de octubre de 2008, ante este Foro mediante Petición de Certirorari solicitando que revisemos la Resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, Honorable Rebecca de León Ríos, (T.P.I. o Instancia) emitida el 5 y notificada el 22 de septiembre de 2008, mediante la cual deniega una solicitud de desestimación en contra de Basanta & Co., S.A. (Basanta o Recurrida) en una acción sobre Incumplimiento de Contrato y Cobro de Dinero que la Recurrida presentara en contra de Virus, amparada en un planteamiento de falta de jurisdicción sobre la materia.
Inconforme, Virus alega que el T.P.I. erró al resolver que el contrato objeto de la presente acción fue perfeccionado en Puerto Rico, siendo exigible su cumplimiento ante nuestros tribunales, y al resolver que la transacción objeto del presente litigio está comprendida entre las excepciones del requisito de registro de corporaciones foráneas en el Departamento de Estado.
El 3 de noviembre de 2008 concedimos término a Basanta para que se expresara, lo que realizó el 11 de diciembre de 2008. Con el beneficio de las articuladas comparecencias de ambas partes incluyendo el Alegato de Réplica de Virus de 26 de diciembre de 2008, procedemos a resolver como adelantáramos.
II
El 3 de enero de 2008, Basanta, sociedad anónima organizada al amparo de las leyes de la República Dominicana y con oficinas principales en la hermana isla antillana, presentó demanda de incumplimiento de contrato y cobro de dinero contra Virus, varias personas civiles y sus sociedades de bienes gananciales por ellos compuesta y Leo Burnett, Inc. (Burnett), la agencia de publicidad contratada por Procter & Gamble (Procter) para la promoción del producto, un detergente conocido comercialmente como “ACE 2X Ultra”, objeto del contrato en litigio. A su vez, Burnett contrató a Virus, quien realizaría el anuncio comercial en la República Dominicana a través de Basanta.
Antes de contestar la Demanda, Virus y los restantes codemandados presentaron, el 12 de febrero de 2008, una Solicitud de Sentencia Sumaria alegando falta de jurisdicción del T.P.I. sobre la materia del caso, por
*839 tratarse de un negocio jurídico realizado en la República Dominicana. En la alternativa, alegaron que de determinarse. que el negocio jurídico se configuró en Puerto Rico, Instancia tampoco tendría jurisdicción, porque la Ley General de Corporaciones de 1995, 14 L.P.R.A. 2601 y sig. le prohíbe que corporaciones foráneas no autorizadas a efectuar negocios en Puerto Rico, como Basanta, pueda presentar pleitos en los tribunales del Estado Libre Asociado de Puerto Rico.
Burnett y Procter, por su parte, presentaron ante el T.P.I. mociones de desestimación, adoptando la posición de falta de jurisdicción sobre la materia promovida por Virus y sus agentes codemandados, en su carácter personal. Basanta presentó Oposición a la Solicitud de Sentencia Sumaria y las mociones desestimatorias.
El T.P.I. señaló vista evidenciaría, la que se celebró el 3 de julio de 2008, limitada sólo a la alegación formulada por Virus y sus compañeros procesales sobre la alegación de falta de jurisdicción sobre la materia. La vista se tomó innecesaria al estipular las partes los hechos medulares, por lo que sometidas las controversias, el T.P.I. procedió a resolver conforme a Derecho.
Las Estipulaciones de Hechos siguen:

“1. El 3 de septiembre de 2007, Virus, Inc. envió un correo electrónico solicitando una cotización de servicios a Basanta & Co., S.A. para hacer la filmación de un comercial de televisión.

2. Virus, Inc. es una corporación organizada al amparo de las Leyes de Puerto Rico con oficinas en Puerto Rico.

3. Basanta & Co., S.A. es una sociedad anónima organizada al amparo de las leyes de la República Dominicana y con oficinas principales en República Dominicana.

4. Según lo requerido por Virus, Inc., Basanta & Co., S.A. preparó una cotización que envió por correo electrónico a Virus, Inc., en Puerto Rico.

5. Mediante otro correo electrónico, Virus, Inc. aceptó la cotización enviada por Basanta.

6. Durante todo este proceso, Basanta & Co., S.A. estaba ubicado en la República Dominicana y Virus, Inc. en Puerto Rico.

7. Toda la negociación se hizo mediante correos electrónicos y llamadas telefónicas.

8. El anuncio se filmó en la República Dominicana.

9. El 11 de octubre de 2007, las partes, Virus, Inc., y Basanta & Co., firmaron un “Acuerdo de Pago” en Santo Domingo, República Dominicana, que se sometió como Exhibit “A ” estipulado.

10. El costo total del proyecto, luego de los cambios de órdenes autorizados por los demandados, se elevó a $218,506.21. De esta cantidad, Basanta ha recibido a la fecha de radicación cuatro pagos parciales, $58,656.35 el 20 de septiembre de 2007, $25,224.15 el 10 de octubre de 2007, $10,000.00 el 15 de octubre de 2007 y el último de $71,051.58 el 26 de octubre de 2007. Este último pago debió ser realizado el 19 de octubre de 2007, y el saldo del balance pendiente el 29 de octubre de 2007.

11. Se estipula que donde dice “exterior” en el Exhibit (A) incluye a Puerto Rico como un lugar donde se podía hacer el reclamo. ”

*840 El “Acuerdo de Pagó” al cual alude la estipulación núm. 9 expresa en el párrafo dos del Acuerdo que: “Así como acepta (Virus) que este documento tiene fuerza de cobro tanto en la República Dominicana como en el exterior”. Énfasis suplido. Tomamos conocimiento que una de las acepciones del vocablo exterior significa relativo a otros países o “negocios exteriores”.
Basanta alega que Virus no sólo incumplió el acuerdo de pagar $70,000.00 el 19 de octubre de 2007, sino que tampoco hizo el “pago de saldo” pendiente al 29 de octubre de 2007 como fue acordado, causando que Basanta, a su vez, incumpliera los acuerdos de pago a todos los talentos (actores(as) y participantes en el anuncio comercial) y proveedores, quedando un alegado balance adeudado de $53,374.13, deuda que podría estar vencida y es líquida y exigible desde el 30 de octubre de 2007.
No hay duda que la relación comercial Basanta-Virus comenzó cuando Virus, desde Puerto Rico, se comunicó con Basanta en la República Dominicana por correo electrónico, que interesantemente Virus describe en su comparecencia como “intercambio epistolar contemporáneo” solicitando sus servicios técnicos para la producción de un anuncio comercial del detergente de Procter. Fueron varias las comunicaciones entre las partes y el traslado y hospedaje de personal técnico y creativo de Virus y Burnett a la República Dominicana. Hubo órdenes de cambio ordenadas por Virus, prolongándose la filmación del proyecto durante siete días en lugar de los dos días originalmente cotizados y programados lo que aumentó considerablemente los costos.
Virus y Basanta tramitaron en tres, cuatro ocasiones los pagos por el proyecto. La comunicación de las partes entre Puerto Rico y la República fue constante.
III
No existe duda de que Virus comenzó preliminarmente la relación de negocios desde Puerto Rico con Basanta en la República Dominicana.
Como bien argumenta Basanta en la causa que atendemos, no está en controversia que el contrato fue negociado por teléfono y correo electrónico lo que claramente lo enmarca en un contrato por correspondencia. Tampoco está en controversia que a requerimiento de Virus, Basanta le remitió una cotización desde la República Dominicana que fue aceptada por Virus en Puerto Rico.
Sobre los contratos comerciales que se celebren por correspondencia, dispone nuestro Código de Comercio, quedarán perfeccionados desde que se conteste aceptando la oferta, 10 L.P.R.A. see. 1305. Por lo tanto, el lugar de contratación en el presente caso es Puerto Rico en donde se aceptó la oferta de Basanta. Véase Walborg Corportion v. Tribunal Superior, 104 D.P.R. 184 (1975); C. RF. World Films, Inc. v. Paramount Pictures, 125 D.P.R. 352 (1990).
Nos impacta que Viras impugne sus propios actos con referencia a su relación contractual con Basanta. La buena fe entre partes contratantes permea como pilar angular nuestro estado de derecho. Cuestionamos porqué Viras impugna, por alegada falta de jurisdicción del T.P.I., para litigar las controversias con Basanta en Puerto Rico, cuando fue parte esencial y actuante en la relación con su contraparte dominicana. Ello que denota ausencia de buena fe por parte de Viras.
“El requisito de buena fe es elemental y, como tal, se extiende a la totalidad de nuestro ordenamiento jurídico... ”. Ramírez v. Club Cala de Palmas, 123 D.P.R. 339, 346 (1989).
Se hace difícil entender como Viras contrata a Basanta de isla a isla antillana y luego que usa y aprovecha sus servicios y surgen desavenencias, urge que no se le reconozca capacidad activa a Basanta para litigarlas en nuestros lares procesales. Tampoco indica que estaría dispuesta a litigar las controversias en la República Dominicana.
*841 Es sabido que en la interpretación de los contratos hay que considerar el principio de buena fe como base o punto rector, ya que éste permea, repetimos, todas las relaciones que se crean entre las partes. El requisito de buena fe es de carácter elemental y, como tal, se extiende a la totalidad de nuestro ordenamiento jurídico. El contenido de eticidad de cada acto deberá examinarse a la luz de sus circunstancias particulares, pero el comportamiento conforme a la buena fe es precepto general que abarca toda actividad jurídica. Velilla v. Pueblo Supermarkets, Inc., 111 D.P.R. 585, 587-588 (1981); Ramírez v. Club Cala de Palmas, 123 D.P.R. 339, 346 (1989); Catalytic Industrial Maintenance Co., Etc. v. Fondo del Seguro del Estado, 121 D.P.R. 98, 113 (1988). El principio general de la buena fe exige que ésta se tenga en cuenta, incluso para el ejercicio del derecho propio. Diez Picazo y Gullón, Sistema de Derecho Civil, (Ed. Tecnos, 1978), Tomo I, pág. 490. La buena fe es “fuente de creación de especiales deberes de conducta exigibles en cada caso, de acuerdo con la naturaleza de la relación jurídica y con la finalidad perseguida por las partes a través de ella. ” M. Godreau Robles, Lealtad y Buena Fe Contractual, 58 Rev. Jur. U.P.R. 367, 379 (1989), (citando a Diez Picazo, Prólogo en Wieacker, El Principio General de la buena fe, 19, Madrid, Civitas 1982).
En conclusión, el primer error alegado no se cometió, la causa se perfeccionó en Puerto Rico, y es exigible de proceder lo alegado, en cobro de dinero por Basanta ante nuestros Tribunales.
IV
También carece de fundamento el segundo señalamiento de error de que el T.P.I. no tiene jurisdicción porque Basanta es “una corporación foránea haciendo negocios en Puerto Rico sin autorización”.
La Ley General de Corporaciones de Puerto Rico (la Ley Corporativa), Ley Núm. 144 de 10 de agosto de 1995, 14 L.P.R.A. see. 3161 y sigs., dispone que una corporación foránea no podrá hacer negocios en Puerto Rico hasta tanto reciba autorización para realizarlo. En relación al concepto “hacer negocios”, el Tribunal Supremo ha expresado que hay que tener presente que el propósito de la Ley Corporativa, es reglamentar las corporaciones foráneas y extranjeras que a través de agentes o representantes destacados en Puerto Rico, hagan negocios en la Isla. Pou v. American Motors Corp., 127 D.P.R. 810 (1991). El T.P.I. señala en la página 10 de su sentencia que Virus no presentó prueba de que Basanta tenga agentes o representantes destacados en Puerto Rico, haciendo negocios en la Isla.
Además, la Ley Corporativa contiene una lista que incluye, sin que sea exhaustiva, 14 L.P.R.A. 3164, una serie de actividades que no constituyen transacciones de negocios en el E.L.A. En su acápite diez de la referida lista se dispone entre las actividades que no constituyen transacciones de negocios en el E.L.A. la siguiente: “(10) realizar una acción aislada que se complete durante el término de treinta (30) días y no sea una serie de naturaleza similar”. La filmación de la pauta comercial tomó sólo siete días y ello ocurrió en Santo Domingo. Además, nada impide que en Puerto Rico se contrate respecto a algo que habrá de realizarse fuera de Puerto Rico y tampoco nada impide que por ello se accione judicialmente en Puerto Rico, en cobro de lo que ello se deba. Contratar desde Puerto Rico con el extranjero no implica que la empresa del exterior hace negocios en Puerto Rico.
El expediente ante el T.P.I. reproducido en el apéndice de la causa que atendemos tiende a establecer, tal y como lo expusiera Instancia, que la actividad para la cual Basanta fue contratada, fue una sola actividad comercial de muy corta duración. Aunque el contrato se formalizó en Puerto Rico con la aceptación por Viras de la cotización propuesta por Basanta, la actividad pactada se realizó en la República Dominicana.
V
El auto de Certiorari es el recurso procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir errores de derecho procesal o sustantivos cometidos por el tribunal de inferior jerarquía. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 L.P.R.A. see. 3491. Es un recurso altamente discrecional; no obstante, es un remedio de ámbito abarcador para casos apropiados y meritorios. Asoc. de Propietarios v. Santa *842 Bárbara Co., 112 D.P.R. 33 (1982); Pueblo v. Colón Mendoza, 149 D.P.R. 630 (1999). La expedición del auto descansa en la sana discreción de los jueces de apelación, güiada siempre por el propósito legislado de que los litigantes tengan disponible una manera para revisar ante un foro de jerarquía superior una determinación patentemente errónea o arbitraria que pueda resultar lesiva al interés de los litigantes. Negrón v. Secretario de Justicia, 154 D.P.R. 79 (2001).
Con el fin de que el Tribunal de Apelaciones pueda ejercer la facultad discrecional de entender o no en los méritos de los asuntos que le son planteados mediante el recurso de Certiorari, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B señala los criterios que deben ser considerados para resolver la procedencia de la expedición del auto. Dispone como sigue:

“Regla 40 Criterios para la expedición del auto de certiorari

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. ”

Cónsono con ello, es norma reiterada de que este foro no habrá de intervenir con el ejercicio de la discreción del T.P.I., salvo en caso de “un craso abuso de discreción, o que el tribunal haya actuado con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.” Lluch v. España Service Station, 117 D.P.R. 729 (1986); Meléndez v. Caribbean Int'l News, 151 D.P.R. 649 (2000). El hermano foro de Instancia no incurrió en abuso de su discreción.
VI
Por lo expuesto, se deniega el auto solicitado, se remite el caso a Instancia, y se instruye al foro recurrido que se continúe con el trámite del caso. Se observa que transcurrido un año, no se ha contestado la Demanda.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. María E. Ortiz Pérez Secretaria Tribunal de Apelaciones