ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| MARÍA DE LOURDES ORTIZ MALDONADO<br><br>Parte Apelante<br><br>v.<br><br>COOPERATIVA DE AHORRO Y CRÉDITO LAS PIEDRAS Y OTROS<br><br>Parte Apelada | TA2025AP00644 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2025CV00029<br><br>Sala: 208<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece ante *nos*, María de Lourdes Ortiz Maldonado (Ortiz Maldonado o apelante) y nos solicita que revisemos una *Sentencia* emitida el 25 de septiembre de 2025 y notificada el 26 de septiembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Humacao. Mediante dicho dictamen, el foro primario desestimó con perjuicio la *Demanda* incoada.

Por los fundamentos que exponemos a continuación, *confirmamos* el dictamen apelado.

**I.**

El 14 de enero de 2025, Ortiz Maldonado presentó una *Demanda* sobre daños y perjuicios en contra de la Cooperativa de Ahorro y Crédito Las Pierdas (Cooperativa) y la Cooperativa de Seguros Múltiples de Puerto Rico (CSMPR) (en conjunto, las apeladas). En apretada síntesis, alegó que el 16 de enero de 2023, mientras caminaba hacia el cajero automático de la Cooperativa sufrió una caída en las facilidades del estacionamiento. Esgrimió que recibió varias contusiones, especialmente en su lado derecho, en la rodilla y el hombro. Asimismo, expresó que experimentó un

fuerte dolor, angustias ante el temor de grave daño corporal y al verse limitada su movilidad. Añadió que, la caída requirió asistencia médica y posteriormente, fue intervenida quirúrgicamente en su rodilla derecha. Planteó, además, que, a pesar de los tratamientos y la cirugía, continúa con limitaciones en las actividades físicas y postulares, adolorida y bajo tratamiento médico. Por lo cual, solicitó una indemnización no menor de $70,000.00 por los daños físicos y mentales y por gastos médicos pasados, presentes y futuros.

Posteriormente, el 14 de julio de 2025, la parte apelada presentó una *Moción de Desestimación por Prescripción.* Arguyó que procede la desestimación de la *Demanda* por estar prescrita. Manifestó que la apelante presentó su causa de acción un (1) año, once (11) meses y treinta (30) días con posterioridad a la fecha del accidente. Agregó que, la *Demanda* se presentó un (1) año y un (1) día después de haber interrumpido el término prescriptivo mediante reclamación extrajudicial.

En desacuerdo, el 18 de septiembre de 2025, la parte apelante presentó una *Moción en Oposición a Desestimación por Prescripción.* Razonó que no procede la desestimación de la *Demanda,* pues las gestiones de inteligencia entre las partes culminaron el 1 de marzo de 2024 y a partir de esa fecha, surgió un nuevo término de un (1) año para presentar la *Demanda.* Así pues, consideró que habiéndose presentado la causa de acción de epígrafe el 14 de enero de 2025, no está prescrita.

En vista de ello, el 25 de septiembre de 2025, el foro primario emitió una *Sentencia,* notificada el 26 de septiembre de 2025. Allí, el TPI desestimó la *Demanda* con perjuicio por estar prescrita. Concluyó el foro primario que, el accidente alegado ocurrió el 16 de enero de 2023, por lo que, a partir de esa fecha comenzó a transcurrir el término prescriptivo. Expresó, además, que la parte apelante solo cursó una reclamación extra judicial a la Cooperativa,

TA2025AP00644

lo que interrumpió el término en cuanto a esta, pero no respecto a la CSMPR. Así, determinó que la acción contra la CSMPR prescribió el 16 de enero de 2024.

Asimismo, el TPI indicó que, respecto a la Cooperativa, el término prescriptivo fue interrumpido con la misiva recibida el 13 de enero de 2024, reiniciando un nuevo término que vencía el 13 de enero de 2025. Añadió que, la *Demanda* se presentó el 14 de enero de 2025, esto fuera del plazo legal; por lo cual, la causa de acción está prescrita y procede la desestimación.

El 14 de octubre de 2025, Ortiz Maldonado presentó una *Moción de Reconsideración.* En sintonía con esto, el 5 de noviembre de 2025, el TPI emitió una *Orden,* notificada el 6 de noviembre de 2025, mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración. Inconforme, el 7 de diciembre de 2025, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión de los siguientes errores:

A. Erró el TPI al determinar mecánicamente que la Demanda está prescrita.

B. Erró el TPI al ignorar los precedentes judiciales de *Birriel v. Supermercados Los Colobos,* 2023 TSPR 120 y *Velilla v. Pueblo Supermarket, Inc.,* 111 DPR 585 (1981), entre otros.

Examinado el recurso ante nuestra consideración, el 15 de diciembre de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte apelada para fijar su posición al recurso. En cumplimiento con nuestra directriz, el 27 de enero de 2026, la parte apelada presentó un *Alegato de las Apeladas.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**III.**

**A. Desestimación**

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su

contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra.* Véase, además, *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 213 DPR 523 (2024); *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport Culinary Corp. y otros, supra.*

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres v.*

*Torres et al.*, 179 DPR 481 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres v. Torres et al.*, *supra*, pág. 501. Así, para que una moción de desestimación pueda prosperar, se tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Inmob. Baleares et al. v. Benabe et al.*, 214 DPR 1109 (2024). Véase, además, *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022); *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp*, *supra*, pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*, pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp*, *supra*, pág. 429.

### B. Prescripción

La prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las

obligaciones. *Birriel Colón v. Supermercado Los Colobos*, 213 DPR 80 (2023); *Westerbank v. Registradora*, 172 DPR 71 (2007). Véase, además, *Galib Franaie v. El Vocero*, 138 DPR 560 (1995). Dicho de otro modo, la prescripción es una de las formas mediante las cuales una obligación pierde su vigencia. *Westerbank v. Registradora, supra.* Así, la prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo. Artículo 1189 del Código Civil (31 LPRA sec. 9481). Las acciones prescriben por el mero lapso del tiempo fijado por ley. *Íd.* Así pues, los plazos de prescripción comienzan a transcurrir cuando el legitimado activo conoce o debe conocer la existencia del derecho a reclamar y la identidad de la persona contra quien puede actuar. Artículo 1190 del Código Civil (31 LPRA sec. 9482).

Según estableció nuestro máximo Foro en *Zambrana Maldonado v. E.L.A.,* 129 DPR 740 (1992),

> la prescripción es un fenómeno basado en la inercia, mientras que la interrupción está basada en la actividad, la ruptura de esa inercia. De acuerdo con Orozco Pardo, la "interrupción, suspensión y renuncia, son los componentes que hacen justa y moral a la prescripción" Orozco Pardo, Guillermo, La Interrupción de la Prescripción Extintiva en el Derecho Civil, Cap. III, pág. 59, Granada (1986). Cabe señalar **"que la prescripción extintiva está basada en una presunción 'iuris tantum' de abandono, que admite prueba en contra, la existencia de una voluntad manifestada y probada, contraria a la prescripción, destruye aquella presunción, quedando impedida su consumación"**. (Énfasis suplido).

Existen tres (3) maneras de interrumpir un término prescriptivo: (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor. Artículo 1197 del Código Civil (31 LPRA sec. 9489). Producida la

interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo. *Íd.*

La prescripción extintiva promueve que las personas ejerzan sus causas de acción con diligencia y, de esta manera, fomenta la estabilidad en las relaciones y el tráfico jurídico. *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043 (2020). Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. *Conde Cruz v. Resto Rodríguez et al.*, *supra.* De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba. *Íd.*

Cónsono con esto, el Artículo 1204 del Código Civil dispone, entre otras cosas, que prescriben, salvo disposición diversa de la ley: por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. (31 LPRA sec. 9496). Así pues, la reclamación de daños y perjuicios al amparo del Artículo 1536 del Código Civil (31 LPRA sec. 10801), prescribe al cabo de un (1) año.

**III.**

La parte apelante arguye que erró el TPI al determinar mecánicamente que la *Demanda* está prescrita. Indicó, además, que erró el foro primario al ignorar los precedentes judiciales de *Birriel Colón v. Supermercado Los Colobos, supra,* y *Velilla v. Pueblo Supermarket, Inc.,* 111 DPR 585 (1981). *No le asiste la razón.*

En este caso, la parte apelada presentó una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra.* Adujo que procedía la desestimación de la *Demanda* por estar prescrita. Afirmó que Ortiz Maldonado presentó su causa de acción un (1) año, once (11) meses y treinta (30) días con posterioridad a la

fecha del accidente. Por último, señaló que la *Demanda* se presentó un (1) año y un (1) día después de haber interrumpido el término prescriptivo mediante reclamación extrajudicial.

Por su parte, la apelante se opuso a la solicitud de desestimación. Planteó que no procedía la desestimación de la *Demanda,* pues las gestiones de inteligencia entre las partes culminaron el 1 de marzo de 2024 y a partir de esa fecha, surgió un nuevo término de un (1) año para presentar la *Demanda.* Acentuó que habiéndose presentado la *Demanda* el 14 de enero de 2025, no está prescrita.

Evaluados los escritos presentados, el TPI emitió una *Sentencia* mediante la cual desestimó la *Demanda* con perjuicio por estar prescrita. En la *Sentencia,* el foro primario enunció que el accidente alegado ocurrió el 16 de enero de 2023, por lo que, a partir de esa fecha comenzó a transcurrir el término prescriptivo. Además, sostuvo que Ortiz Maldonado solo cursó una reclamación extra judicial a la Cooperativa, lo que interrumpió el término en cuanto a esta, pero no respecto a la CSMPR. Por consiguiente, concluyó que la acción contra la CSMPR prescribió el 16 de enero de 2024.

Asimismo, el foro primario determinó que, respecto a la Cooperativa, el término prescriptivo fue interrumpido con la misiva recibida el 13 de enero de 2024, reiniciando un nuevo término que vencía el 13 de enero de 2025. Agregó que, la *Demanda* se presentó el 14 de enero de 2025, esto fuera del plazo legal; por lo que, la causa de acción está prescrita y procede la desestimación.

En el caso ante *nos,* el foro primario concluyó correctamente que procedía la desestimación de la *Demanda* por estar prescrita. Esto, pues no está en controversia que el presunto accidente ocurrió el 16 de enero de 2023, que el 13 de enero de 2024 la apelante interrumpió el término prescriptivo al enviar una reclamación

extrajudicial a la Cooperativa y que la causa de acción por daños y perjuicios se presentó el 14 de enero de 2025.

Indiscutiblemente, al haberse interrumpido el término únicamente en cuanto a la Cooperativa, la parte apelante tenía hasta el 16 de enero de 2024, para presentar su *Demanda* en contra de la CSMPR; lo cual no sucedió. Por lo tanto, a tenor con el Artículo 1204 del Código Civil, *supra*, al momento de la presentación de la *Demanda* la causa de acción en contra de la CSMPR estaba prescrita.

Ahora bien, con relación a la reclamación en contra de la Cooperativa, la apelante presentó una reclamación extrajudicial el 13 de enero de 2024. Por consiguiente, en esa fecha la apelante interrumpió el término prescriptivo y a partir de ahí comenzó a transcurrir un nuevo término. Sin embargo, Ortiz Maldonado esperó hasta el 14 de enero de 2025, un (1) año y un (1) día después de haber interrumpido el término prescriptivo para presentar su reclamación ante el Tribunal. Así las cosas, es menester concluir que, al momento de la presentación de la *Demanda*, la causa de acción en contra de la Cooperativa también estaba prescrita.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones